Haber *v.* Heis.

sion when the suit was brought. It appeared that at the expiration of the six months after the date of the contract up to the bringing of suit one or more of the co-heirs of Cable, who were jointly interested in the land, being under age, were incapable of executing deeds to him for their undivided portions, and that of such portions the fee was still in them. No demand of a deed had been made, or notice given of the rescision of the contract, nor of any offer on the part of Maynard to restore to Cable the possession of the land received from him. A verdict was taken for the plaintiff, subject to the opinion of the court upon the law of the case.

*Marsh, Stokely,* and *Goodenow,* for the plaintiff, cited 2 *O.* 263 ; 3 *John.* 423 ; 2 *John.* 84.

*J. & D. L. Collier,* contra, cited 10 *John.* 335.

---

*FAIRFIELD COUNTY, NOVEMBER TERM, 1831. [19

JUDGES—HITCHCOCK AND WRIGHT.

---

HABER *v.* HEIS.

Apprentice's indentures—recording—laches of masters—void and voidable.

Where a master omits to record an indenture of apprenticeship under the act of 1824, the omission does not make the indenture absolutely void, so as to avoid his covenants, though the apprentice might avoid it.

The master cannot avail himself of his own neglect to avoid his covenants to his apprentice.

The law requiring indentures of apprenticeship to be recorded is directory to the master as to *time,* and if recorded before breach, though not within the time mentioned in the act, it may be good. *Quere.*

COVENANT on an indenture of apprenticeship. Breach, the nonservice of the apprentice. Plea, that the plaintiff, the master,

had not procured the indenture *to be recorded within three months.*

To this plea there is a general demurrer and joinder.

*H. Stanberry* and *Irvin* for defendants.

*Hunter* and *Ewing* contra.

BY THE COURT. The demurrant claims that the statute of Ohio, which requires the master to have the indenture of his apprentice recorded within three months after its execution, and declares that no indenture shall be valid without such recording, does not make such indenture *absolutely void* if not recorded, but only voidable at the option of the apprentice. He relies upon the case of *Gray v. Cookson*, 16 *East*. 13, which decides that although the statute of Elizabeth declares indentures for a less time than seven years "void in law to all intents and purposes," indentures for a less time are voidable only. On the other hand, it is contended that the omission to record makes the indenture *absolutely void.*

Courts in construing statutes aim to come as near the literal meaning of the legislature as possible, but will gather that meaning from the whole act, instead of isolated expressions, and so construe the act as to effect, not defeat, the beneficial end contemplated by the legislature in the enactment. If a master sets up his own neglect to record, in avoidance of his liability, after the apprentice has faithfully served him, a literal construction of the statute, with a view to vitiate the indenture, would work great injustice, and secure to the master the service of the apprentice, whilst it leaves him irresponsible upon his covenants. The legislature could not intend this.

The act of 1824, which governs this case, 2 *Chase*, 1429, requires the master to have the indenture recorded within three *months after its execution, by the county recorder, and declares that no indenture shall be valid without such recording, "and all considerations which shall be allowed by the master, &c., shall be secured to the sole use of the minor," &c.

We think the master cannot avail himself of his own laches to avoid the covenant. If he is held to jeopard his right to control the apprentice by omitting the record, while he is held accountable for his own covenants, it will be most likely to secure the apprentice the benefit of the record. We incline to the opinion that the time of recording provided in the statute is *directory*, and to think that, when it is recorded before any injury can arise, though it be after three months from its date, the indenture may be treated as a valid instrument. The plea unexplained is a bar. To avoid its effect the plaintiff must reply, not demur.

The demurrer is overruled.